IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Bushnell Inc., a Delaware corporation and Laser Technology, Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Wildgame Innovations, L.L.C., a Louisiana limited liability company; and WGI Innovations, Ltd. d/b/a BA Products, a Texas company,<br><br>Defendants. | Civil No. 10-cv-2302 JWL/JPO |

**Plaintiffs' Answer to Defendants' Counterclaim**

Plaintiffs Bushnell Inc. and Laser Technology, Inc., for their Answer to Wildgame Innovations, L.L.C.'s ("WGI's") and WGI Innovations, Ltd. d/b/a BA Products' ("BA Products'") (collectively "Defendants'") preliminary statement and counterclaim, hereby state as follows, with each numbered answer corresponding to the numbered paragraph of Defendants' preliminary statement and counterclaim:

**Plaintiffs' Answer to Defendants' Preliminary Statement
Regarding Nature of This Lawsuit and Presuit Investigation by Plaintiffs**

1.   Denied.

2.   Plaintiffs admit that they wrote WGI respecting WGI's HALO product and informed WGI that a previous WGI product branded as Remington infringed based on Plaintiffs' comparison of the Remington unit to another infringing unit. Plaintiffs admit they asked for a HALO unit but deny the remaining allegations of this paragraph.

3.   Plaintiffs admit counsel for Defendants responded to Bushnell's cease and desist letter, asserted that Defendants' product does not infringe any patents, and refused to provide a

sample product to Bushnell for further testing. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

4. Plaintiffs admit that Opti-Logic is in the business of marketing and selling laser rangefinders and appears to be an assignee of one or more U.S. Patents in the field of laser rangefinding. Plaintiffs admit that Bushnell and LTI are technology partners and that Bushnell chose not to enter any development agreements with Opti-Logic. Plaintiffs admit they have never asserted Opti-Logic infringes any patents held by Plaintiffs. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

5. Plaintiffs admit they have accused the HALO rangefinder of infringing the '779 Patent and that Defendants assert the HALO rangefinder is licensed under Opti-Logic's U.S. Patent No. 5,933,224, which is entitled "Hand-held Distance-Measurement Apparatus and System." Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

6. Plaintiffs admit in January 2010 a representative of Opti-Logic told Blake Lipham that BA Products had a license to use Opti-Logic's patented technology. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

7. Plaintiffs admit that Plaintiffs conducted a pre-suit investigation, including without limitation, obtaining sample HALO rangefinders and thoroughly testing the sample rangefinders. Plaintiffs deny the remaining allegations of this paragraph.

8. Plaintiffs admit Defendants made the statements referenced in this paragraph but deny such statements have any relevance to this lawsuit. To the extent any further response is required, Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, deny them.

9. Denied.

10. Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, deny them.

11. Denied.

### Plaintiffs' Answer to Defendants' Counterclaim

1. Plaintiffs admit this paragraph identifies the title and section of the United States Code under which Defendants' declaratory relief action are based and that the Court has jurisdiction over Defendants' counterclaim. To the extent any further response is required, Plaintiffs deny that U.S. patent No. 5,612,779 is invalid and/or not infringed by Defendants.

2. Admitted.

3. Denied.

4. Denied.

**WHEREFORE**, Plaintiffs request that Defendants take nothing by way of their preliminary statement and counterclaim, that Defendants' claims be dismissed with prejudice, that Plaintiffs be awarded their costs, expenses, and attorneys' fees in defending against Defendants' counterclaim, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: July 14, 2010           s/ Scott R. Brown
Scott R. Brown, KS Bar #23,395
Jennifer C. Bailey, KS Bar #23,446
Matthew B. Walters, KS Bar #23,514
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647 – 9050
F: (913) 647 – 9057

ATTORNEYS FOR PLAINTIFFS
BUSHNELL INC. AND
LASER TECHNOLOGY, INC.

**Certificate of Service**

I hereby certify that on the 14th day of July, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM / ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| Scott M. Adam | Daniel L. Bates, (admitted *pro hac vice*) |
| Sean T. McGrevey | Geoffrey A. Mantooth (admitted *pro hac vice*) |
| David D. Burkhead | DECKER, JONES, MCMACKIN, |
| ADAM & MCDONALD, P.A. | MCCLANE, HALL & BATES, P.C. |
| 9300 West 110th Street, Suite 470 | Burnett Plaza, Suite 2000 |
| Overland Park, Kansas 66210 | 801 Cherry Street, Unit #46 |
| Phone: (913) 647-0670 | Fort Worth, Texas 76102-6836 |
| Fax: (913) 647-0671 | Phone: (817) 336-2400 |
| Email: sadam@mam-firm.com | Fax: (817) 336-2181 |
| Email: smcgrevey@mam-firm.com | Email: dbates@deckerjones.com |
| Email: dburkhead@mam-firm.com | Email: gmantooth@deckerjones.com |

ATTORNEYS FOR DEFENDANTS WILDGAME INNOVATIONS, L.L.C.
AND WGI INNOVATIONS, LTD. D/B/A BA PRODUCTS

  s/ Scott R. Brown